UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDRE SMITH, SR., | Case No. 3:21-cv-00243-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| PHYSICIANS MUTUAL INSURANCE CO., *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Andre Smith, Sr., filed a complaint and an application to proceed *in forma pauperis* against named Defendants Physicians Mutual Insurance Co., Nike Shoe Company, and the State of Nevada. (ECF Nos. 1, 1-1.) Smith indicates at different points in his complaint that he is bringing claims under "110 Insurance," the Fifth Amendment, and for "Tax Evasion." (ECF No. 1-1 at 3-4.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 3), recommending the Court grant Smith's application to proceed *in forma pauperis* and dismiss Smith's complaint with prejudice for failure to state a claim upon which relief could be granted. Smith had until July 1, 2021, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant Smith's application to proceed *in forma pauperis* and dismiss his complaint.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114,

1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is largely satisfied Judge Baldwin did not clearly err. First, Judge Baldwin found that Smith cannot pay the filing fee. (ECF No. 3 at 1-2.) The Court agrees and will grant Smith's application to proceed *in forma pauperis*. (ECF No. 1.)

Judge Baldwin then went on to screen Smith's complaint pursuant to 28 U.S.C. § 1915. (ECF No. 3 at 2-5.) Judge Baldwin reasoned that Smith's complaint made it "nearly impossible for the court to identify the factual or legal basis for his claims or the nature of his requested relief," and, as a result, Smith failed to state a claim upon which relief could be granted. (*Id.* at 4.) Judge Baldwin further reasoned that the exceedingly vague nature of the complaint would made amendment futile. (*Id.*) Despite the fact that Smith's complaint contains only fragments of sentences with no factual allegations, Judge Baldwin attempted to evaluate Smith's complaint on the merits. (*Id.* at 5.) Reasoning that none of the named Defendants are proper § 1983 defendants, Judge Baldwin further recommended that the complaint be dismissed with prejudice and without leave to amend. (*Id.*)

The Court agrees with Judge Baldwin that the complaint is too vague to meet the standard set forth in Federal Rule of Civil Procedure 8(a)(2). Moreover, the district court must dismiss a case brought *in forma pauperis* during screening when it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). However, *pro se* litigants should normally be given leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Eldridge v. Bock*, 832 F.2d 1132, 1135 (9th Cir. 1987) (reasoning that Federal Rule of Civil Procedure 15's extremely liberal amendment policy "is applied even more broadly to pro se litigants"). Accordingly, the Court finds that Judge

Baldwin clearly erred by recommending that Smith's complaint be dismissed with prejudice in its entirety. Instead, the Court will modify the R&R. The Court will dismiss claims whose amendment would be futile with prejudice, but will grant Smith leave to amend those claims which are presently too vague to conclude whether amendment would be futile.

Although it is unclear whether Smith intends to bring a § 1983 suit, the Court agrees with Judge Baldwin that he may not seek damages from the State of Nevada because the Eleventh Amendment bars such suits. (ECF No. 3 at 4 (citing *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991)).) The Court will therefore dismiss the State of Nevada from this suit with prejudice.

The nature of Smith's complaint does not clearly indicate whether he is asserting claims under the Fifth Amendment, which he could not bring against private actors who are not acting under the color of state law, or if he is asserting a private insurance action, which may or may not be proper. To the extent that Smith is asserting Fifth Amendment claims under 28 U.S.C. § 1983 against private actors, without any allegation they were acting under the color of state law, those claims are dismissed with prejudice. Because Smith may not proceed with claims arising under the Fifth Amendment against the named defendants, granting him leave to amend to clarify the factual circumstances surrounding those claims would be futile. But Because the Court lacks information about whether amendment would be futile as to insurance claims against the two private defendants, the Court will dismiss those claims without prejudice but with leave to amend. The Court will grant Smith 14 days to file an amended complaint that provides a short and plain statement of the facts that indicates a plausible scenario that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted in part, and modified in part, as stated herein.

It is further ordered that Smith's application to proceed *in forma pauperis* (ECF No. 1) is granted.

1 | The Clerk of Court is directed to file the complaint (ECF No. 1-1).

2 | It is further ordered that the State of Nevada is dismissed from this action with prejudice and without leave to amend.

It is further ordered that Smith's Fifth Amendment claims are dismissed with prejudice and without leave to amend.

It is further ordered that Smith's insurance claims are dismissed without prejudice but with leave to amend. Smith may file an amended complaint within 14 days of this order to cure the deficiencies in his complaint. Failure to file an amended complaint within 14 days shall result in dismissal of this action with prejudice.

DATED THIS 7th Day of July 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE